## 20 Summer Street Associates *v.* State Department of Adult Probation

Superior Court
Judicial District of Stamford-
Norwalk at Norwalk

Housing Session
File No. SPN 0-8406-02000

Memorandum filed July 19, 1984

*Fraulo, Forstadt & Gruskin,* for the plaintiff.
*John P. Yacavone, Jr.,* for the defendant.

Driscoll, J. The plaintiff in the above entitled action has brought this proceeding in summary process on the ground that the state is in possession of certain premises without statutory authorization and in violation of the plaintiff's constitutional rights. The notice to quit alleges that the reason for it is the expiration of the defendant's written lease and the termination of its privilege of possession.

The defendant admitted all five paragraphs of the plaintiff's complaint. The defendant further stipulated that it was in possession of the premises without authorization, but argued that that was an ambiguous admission since there was no indication as to whether the authorization which was absent was from the landlord or the statutes.

While there is a difference in the way in which the complaint is worded and the way in which the notice to quit is worded, the allegations of the complaint that the lease terminated and that the landlord sent a notice to quit because of the expiration of the lease, together, may be interpreted to justify the reason given in the notice to quit, that the defendant's privilege of possession had terminated; that is, that the defendant may have had the right to possession, but had lost that right.

The evidence did establish that the lease had terminated and that the plaintiff had earlier given the defendant notice that the lease would not be renewed and had requested that the defendant vacate by the date of termination given in the lease. The evidence further disclosed that the state is still occupying the premises and that there has been no definitive agreement for the state to remain in the premises, and in fact that the plaintiff has been continuously seeking to have it leave the premises, at least since February of this year.

The state's defense is that the occupation of the premises by it is a kind of temporary taking. No authority was offered, however, to substantiate that claim and, in fact, counsel for the state said that it would be necessary, if there were a taking, for the state to take title. Obviously, that has not been done.

The plaintiff, on the other hand, claims that the state's remaining in possession amounts to a taking without using the process provided for eminent domain and without providing just compensation and is therefore unconstitutional under article first, section 11 of the Connecticut constitution. *Textron, Inc.* v. *Wood,* 167 Conn. 334, 355 A.2d 307 (1974); *Dooley* v. *Town Plan & Zoning Commission,* 151 Conn. 304, 197 A.2d 770 (1964).

Were the state's claim to be upheld in this case, it would mean that state departments could lease prem-

ises and then remain after the leases had expired for an indefinite period of time without ever going through the process of eminent domain.

The court, therefore, finds that the continued possession by the state of the premises in question, without authorization from the landlord, without statutory authorization and without resorting to eminent domain amounts to an unconstitutional taking of the plaintiff's property. It also amounts to a retention of possession of the premises after the right to remain in possession has expired. The state is therefore subject to the remedy of summary process for the benefit of the landlord. Judgment, therefore, must enter for the plaintiff.